IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CALIFORNIA TITLE INSURANCE ANTITRUST LITIGATION | No. 08-01341 JSW |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **ORDER GRANTING MOTION TO COMPEL ARBITRATION** |

Now before the Court for consideration is Defendants' joint motion to compel arbitration. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and concludes that the matter is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for July 1, 2011 is HEREBY VACATED. For the reasons set forth in the remainder of this Order, Defendants' motion is GRANTED and the matter is STAYED pending completion of arbitration.

**BACKGROUND**

Each Plaintiff in this consolidated matter purchased title insurance coverage from one of the defendant companies in connection with the purchase of real estate. The "Defendants are five companies and their affiliates or subsidiaries that dominate the title insurance market, both nationally and in California." (Consolidated Second Amended Class Action Complaint at ¶ 1.) Plaintiffs allege that Defendants "manipulated, controlled and maintained the cost of title insurance at supra-competitive levels" and "fixed prices at rates that far exceed the risk and loss

1  experience associated with title insurance." (*Id.* at ¶¶ 1, 6.) The title insurance policies for each
2  real estate transaction at issue included an arbitration clause which was silent as to whether
3  class-action arbitration was permissible.
4  The Supreme Court, in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011),
5  held that the Federal Arbitration Act preempts California's unconscionability law regarding
6  arbitration of potential class action claims. Pursuant to the recent change in law, Defendants
7  move to compel arbitration and to stay the litigation pending resolution of the matter in
8  arbitration.
9  The Court shall address as necessary in the remainder of this order.

## ANALYSIS

**A.  Legal Standards Applicable to Motions to Compel Arbitration.**

Pursuant to the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Once the Court has determined that an arbitration agreement involves a transaction involving interstate commerce, thereby falling under the FAA, the Court's only role is to determine whether a valid arbitration agreement exists and whether the scope of the parties' dispute falls within that agreement. 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "Under § 4 of the FAA, a district court must issue an order compelling arbitration is the following two-pronged test is satisfied: (1) a valid agreement to arbitrate exists; and (2) that agreement encompasses the dispute at issue." *United Computer Systems v. AT&T Corp.*, 298 F.3d 756, 766 (9th Cir. 2002).

The FAA represents the "liberal federal policy favoring arbitration agreements" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983). Under the FAA, "once [the Court] is satisfied that an agreement for arbitration has been made and has not been honored," and the dispute falls within the scope of that agreement, the Court must order arbitration. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967). That the Court must order arbitration is true "even where the result

2

would be the possibly inefficient maintenance of separate proceedings in different forums." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). In addition, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

Notwithstanding the liberal policy favoring arbitration, by entering into an arbitration agreement, two parties are entering into a contract. *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 479 (1989) (noting that arbitration "is a matter of consent, not coercion"). Thus, as with any contract, an arbitration agreement is "subject to all defenses to enforcement that apply to contracts generally." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003.) Although courts can initially determine whether a valid agreement exists, disputes over the meaning of specific terms are matters for the arbitrator to decide. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *Prima Paint*, 388 U.S. at 403-04 (holding that "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate").

**1.     Ruling in *Concepcion*.**

In the wake of new Supreme Court precedent, arbitration agreements may be "invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or derive their meaning from the fact that an agreement to arbitrate is at issue." *Concepcion*, 131 S. Ct. at 1742-43 (internal quotation marked omitted). Accordingly, the Court is compelled to enforce the parties' arbitration provisions in the contracts at issue.

Before the decision in *Concepcion*, governing California law instructed that courts refuse to enforce any contract found to have been unconscionable at the time it was made or to limit the application of any unconscionable clause. *See* Cal. Civ. Code § 1670.5(a). In *Discover Bank*, the California Supreme Court applied this framework to class-action waivers in arbitration agreements and held that a class-action waiver in an arbitration agreement

3

1 constituted a deliberate scheme to cheat large numbers of consumers from relatively small
2 amounts of money and to protect businesses from responsibility for their own fraud. *Discover*
3 *Bank v. Superior Court*, 36 Cal. 4th 148, 162 (2005), *aff'd Discover Bank, Laster v. AT&T*
4 *Mobility LLC*, 584 F.3d 849, 855 (2009). However, the United States Supreme Court in
5 *Concepcion* specifically found that the FAA preempts California's *Discover Bank* rule and held
6 that courts must compel arbitration even in the absence of the opportunity for plaintiffs to bring
7 their claims as a class action.

### 2. Argument re Waiver.

9 Plaintiffs argue that Defendants have waived their right to enforce the arbitration
10 agreements in this matter because they failed to raise the issue previously in the course of
11 litigation. A "party seeking to prove waiver of a right to arbitrated must demonstrate: (1)
12 knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing
13 right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts."
14 *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). "The party arguing
15 waiver of arbitration bears a heavy burden of proof." *Id.*

16 Although Defendants argue that moving to compel arbitration would have earlier been
17 futile, Plaintiffs contend that the precedent of *Concepcion* does not change the law as applied in
18 this matter as the applicable arbitration agreements are silent as to class-action waivers.
19 However, the Supreme Court, analyzing an arbitration agreement silent as to class-actions,
20 determined that "a party may not be compelled under the FAA to submit to class arbitration
21 unless there is a contractual basis for concluding that the party *agreed* to do so." *Stolt-Nielsen*
22 *S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1775 (2010) (emphasis in original); *accord*
23 *Dominium Austin Partners, LLC v. Emerson*, 248 F.3d 720, 728-29 (8th Cir. 2001) "[B]ecause
24 the ... agreements make no provision for arbitration as a class, the district court did not err by
25 compelling appellants to submit their claims to arbitration as individuals."); *see also Bischoff v.*
26 *DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1108-09 (C.D. Cal. 2002) ("a district court cannot order
27 arbitration to proceed on a class-wide basis unless the arbitration clause contains a provision for
28 class-wide resolution of claims."). Therefore, prior to the ruling in *Concepcion*, in the absence

4

of class-wide arbitration provision, class arbitration would not have been available. It therefore would indeed have been futile for Defendants in this matter to have moved to compel arbitration prior to the decision in *Concepcion*. Accordingly, the Court finds that Plaintiffs have failed to meet their burden to demonstrate that Defendants had an existing– and therefore waivable – right to compel arbitration. *See Olivares v. Hispanic Broadcasting Corp.*, 2001 WL 477171, at *1 (C.D. Cal. Apr. 26, 2001) (holding that "Defendants' delayed filing of its motion to compel until now does not constitute waiver because it was the first opportunity for Defendant to file such a motion."); *see also Conover v. Dean Witter Reynolds, Inc.*, 837 F.2d 867, 868 (9th Cir. 1988) (holding that two-year delay in filing a motion to compel arbitration did not constitute a waiver because "[a]n earlier motion to compel would have been futile.")

Further, in order to prevail on their argument of waiver, Plaintiffs have the burden of demonstrating that they have been prejudiced by inconsistent efforts to enforce the arbitration provision. *See Britton*, 916 F.2d at 1412; *see also ATSA of Cal. v. Cont'l Ins.*, 702 F.2d 172, 175 (9th Cir. 1983) ("inconsistent behavior alone is not sufficient; the party opposing the motion to compel arbitration must have suffered prejudice.") There is nothing in the record to support Plaintiffs' conclusory contention that granting the motion to compel arbitration "would unfairly prejudice Plaintiffs." (*See* Opp. Br. at 6.) Although this case has been litigated for some time, substantive discovery has only recently commenced and the trial is not set for well over a year. The Court finds that Plaintiffs have failed to meet their burden of demonstrating that they would suffer prejudice. Because Plaintiffs have failed to establish either that Defendants had knowledge of an existing right to compel arbitration or that they would suffer prejudice from inconsistent acts, the Court finds there was no waiver by Defendants. *See Britton,* 916 F.2d at 1412.

**B.      Enforceability of Arbitration Provisions.**

Next, Plaintiffs contend that the arbitration provisions are unenforceable because: (1) the designated arbitral forum and rules are no longer available; (2) the loan policies with the mortgage lenders are not enforceable as to any named plaintiff; and (3) there is no evidence of any signed arbitration agreement for two of the named plaintiffs.

5

### 1. Designated Arbitral Forum and Rules.

First, each of the arbitration clauses at issue provide either that the arbitration "shall be under the Title Insurance Arbitration Rules of the American Arbitration Association" or that "the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association." Plaintiffs argue, however, that the Title Insurance Arbitration Rules of the American Land Title Association ("ALTA") should apply and such rules provide for arbitration administered by the National Arbitration Forum ("NAF"), which no longer arbitrates consumer disputes. As a result, Plaintiffs invoke the Title Insurance Arbitration Rules of the ALTA to argue that the parties may, only by mutual agreement, decide to conduct an arbitration in an alternate forum.

However, the arbitration provisions of the policies at issue here provide for use of the Title Insurance Arbitration Rules of the American Arbitration Association ("AAA"). Those rules specifically provide that the AAA administers the arbitration. Regardless, in the absence of the NAF as an available forum, the Court must designate an appropriate arbitral forum. *See* 9 U.S.C. § 5; *see also Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp.*, 814 F.2d 1324, 1328 (9th Cir. 1987); *Brown v. ITT Consumer Financial Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000) (holding that the unavailability of the NAF does not destroy the arbitration clause, but instead allows the mechanism under Section 5 of the FAA for the court to appoint the forum to be employed). The Court therefore finds that the forum provided by the AAA was contemplated by the agreement of the parties and, as there is no evidence to support a proposition that the selection of the NAF was an integral part of the agreement, the Court assigns the parties' agreed-upon arbitral forum of the AAA. *See Brown*, 211 F.3d at 1222 (holding that the only exception to the mandatory rule to enforce arbitration when a designated arbitrator is unavailable is where it is clear that the arbitrator selection was "an integral part of the agreement").

### 2. Loan Policies.

Second, Plaintiffs contest arbitration on the basis that the arbitration provisions appear in the loan documents with the lender, not the plaintiff owners. However, the loan agreements

6

contain arbitration provisions which cover the real estate transactions about which Plaintiffs complain. The arbitration clauses are broad and "contemplate coverage of matters or claims independent of the contract or collateral thereto." *See Boston Telecom. Group v. Deloitte Touche Tohmatsu*, 278 F. Supp. 2d 1041, 1046 (N.D. Cal. 2003) (citations omitted). With respect to the mortgage policies, rules governing arbitration specifically provide that the arbitrator is responsible for deciding the scope of the arbitration agreements, including whether they encompass all of Plaintiffs' claims. *See, e.g., Bank of America N.A. v. Micheletti Family Partnership*, 2008 WL 4571245, at *6 (N.D. Cal. Oct. 14, 2008). Further, the Court is compelled to follow Supreme Court precedent which provides that "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Dean Witter Reynolds*, 470 U.S. at 221.

### 3. Martinez Plaintiffs.

Lastly, Plaintiffs contend that Defendants have failed to produce the policies pertaining to two of the named Plaintiffs and only produce duplicate forms. However, as set forth in the declaration of Denisa Kirchoff, the policy jacket and pre-printed policy terms of the 1987 policies were issued in connection with the Martinez's property purchase and would have been identical to the forms submitted with her declaration. (*See* Declaration of Denisa Kirchoff at ¶ 7, Exs. A-D.) Ms. Kirchoff states that as a "general business practice, when [the title company] issues insurance policies, it often retains in its file only the policy terms that are unique to the individual transaction." (*Id.* at ¶ 6.) The other policy terms can be readily ascertained from the record of standard policies. *See Lee v. Fidelity Nat'l Title Ins. Co.*, 188 Cal. App. 4th 583, 589 (2010). Accordingly, the Court finds that the Martinez Plaintiffs are similarly compelled to arbitrate their claims.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to compel arbitration. The parties are ordered to proceed immediately to arbitration of all claims. The Court shall retain jurisdiction to enforce any award. This consolidated action is hereby stayed

7

pending completion of such arbitration. The Clerk is directed to close the files in all related cases for administrative purposes. The consolidated case may be reopened for such additional proceedings as may be appropriate and necessary upon conclusion of arbitration. If the matter is resolved by settlement, the parties shall promptly file a dismissal of this action.

**IT IS SO ORDERED.**

Dated: June 27, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE